

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Westergren
Nueces County Attorney
Courthouse, Room 206
Corpus Christi, Texas    78401

Opinion No. MW-589

Re: Construction of article 1.83 of the Texas Family Code (persons authorized to conduct marriage ceremony)

Dear Mr. Westergren:

You have asked whether a person who served as a justice of the peace for more than 15 years and then became a county commissioner is authorized to perform marriage ceremonies under section 1.83 of the Texas Family Code. That section provides in part:

> (a) The following persons are authorized to conduct marriage ceremonies:
>
> ....
>
> (4) justices of the supreme court, judges of the court of criminal appeals, justices of the courts of appeals, judges of the district, county, and probate courts, judges of the county courts at law, courts of domestic relations and juvenile courts, <u>retired justices and judges of such courts,</u> justices of the peace, <u>retired justices of the peace,</u> and judges and magistrates of the federal courts of this state.
>
> (b) For the purposes of this section, a retired judge of a county court, probate court, county court at law, court of domestic relations, or juvenile court or a retired justice of the peace is a person who has an aggregate of at least 15 years of service as judge of any court or courts or as justice of the peace and who has ceased to serve in that capacity. <u>The person is considered as retired in the capacity of last service.</u>  (Emphasis added).

In your request letter, you stated as follows:

> Just what interpretation is to be given to the last sentence [of subsection (b)] is the precise question.... In the context of the entire paragraph the last sentence takes on at least two possible interpretations. One, does it mean that no matter how many years one served in a named judicial capacity that if he served in any other capacity after ceasing in such judicial capacity he would not thereby be considered 'retired in the capacity' of such judicial service? Or, second, does the last sentence simply provide guidance as to what capacity one is retired in, if they have combined service in one or more named judicial capacities including that of justice of the peace in order to arrive at the full fifteen years of service required by sub-section 1.83....

There are three reasons why, in our view, the second of your two suggested interpretations is clearly the correct one. The first reason involves the word "capacity." In our opinion, it is not coincidental that the legislature used this word in the last sentence of subsection (b) and in the preceding sentence. The fact that it did indicates that it meant for the word to have the same meaning in both contexts. In other words, the "capacity" to which the last sentence refers is one of the judicial "capacities" named in the preceding sentence. We note that if this were not the case, a question would arise as to what the word does mean in the context of the last sentence. Read broadly enough, it could embrace virtually any office or employment.

The second reason involves legislative intent. Under section 1.83, a person who serves in more than one of the named judicial capacities may accumulate the 15 years of judicial service that he needs to be "retired" within the meaning of this section by aggregating his years of service in each capacity. Without guidance, however, one could not know in which judicial capacity such person would be deemed to have retired. We believe the legislature added the last sentence in subsection (b) to provide such guidance. This sentence makes it clear that a person who served in more than one of the named judicial capacities and who satisfies the criteria set forth in subsection (b) shall be deemed to have "retired" in the judicial capacity in which he last served. Thus, a person who served as a probate court judge for 20 years and then served as a justice of the peace for one month would be a "retired justice of the peace" within the meaning of subsection (a)(4).

The third reason also involves legislative intent. Under the first of your suggested interpretations, a person who served in one or more of the named judicial capacities could not be a "retired" justice, judge, or justice of the peace within the meaning of

subsection (a)(4) if he later served in some "capacity" which is <u>not</u> listed in that subsection and then retired in that capacity. This would be true even if he served in the latter capacity for one day. Since we can perceive no reason why the legislature could have intended such an illogical result, we reject this interpretation as implausible. We believe that it would defeat the legislature's objective in enacting section 1.83, whereas the other interpretation is entirely consistent with that objective. <u>See Citizens Bank of Bryan v. First State Bank of Hearne</u>, 580 S.W.2d 344 (Tex. 1979) (where statutory language susceptible to two constructions, one of which would carry out and the other defeat its manifest purpose, it should receive the former construction).

In the example that you provided, the individual in question served as a justice of the peace for 15 years and is no longer serving in that capacity. As we construe the last sentence of subsection (b), his "capacity of last service" is justice of the peace. We therefore answer your question in the affirmative.

### S U M M A R Y

A person who served as a justice of the peace for more than 15 years and then became a county commissioner is authorized to perform marriage ceremonies under section 1.83 of the Texas Family Code.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger